CASTLEMAN v. SCHUHARDT.

Opinion delivered April 30, 1917.

SALES—SALE OF WORK MARES—CAVEAT EMPTOR.—Appellee purchased three mares from appellants, the latter making false representations as to the mares' qualities, upon which appellee relied, and so relying forwent a test of the animals before purchase; *held,* under the facts the doctrine of *caveat emptor* did not apply.

Appeal from Woodruff Circuit Court, Southern District; *J. M. Jackson,* Judge; affirmed.

*C. F. Greenlee,* for appellants.

1. The contention of plaintiffs is fully sustained by the evidence. No fraud was perpetrated nor fraudulent misrepresentations made. Defendant saw the mares, inspected them and was offered the opportunity to test them. The doctrine of *caveat emptor* clearly applies. Tiedeman on Sales, 159, 158, 187-8; 35 Cyc. 68-9; 38 Ark. 334; 95 *Id.* 131-6; 31 *Id.* 170; 108 *Id.* 32.

2. The court did not submit the issues to the jury fairly and squarely, and the verdict is not sustained by the evidence. The burden was on appellee. 35 Cyc., § 485, 559-566.

3. The court erred in refusing plaintiff's instructions. Cases *supra.*

*Roy D. Campbell,* for appellee.

1. The questions in dispute were submitted to the jury on proper instructions, and their verdict settles it.

2. There is no error in the instructions given or refused. Defendant relied upon the false representations of appellants and the doctrine of *caveat emptor* does not apply. 98 Ark. 48; 108 *Id.* 34; 47 *Id.* 338. The judgment is right.

McCulloch, C. J. Appellants instituted this action in the circuit court of Woodruff County to recover the sum of $300, the price of three mares, sold and delivered to appellee, who defended on the ground that the purchase of the mares was induced by fraudulent misrepresentations made by appellants. The cause was tried before a jury and the trial resulted in a verdict in favor of appellee, from which an appeal has been prosecuted to this court.

Appellee was a farmer living near Hunter, Woodruff County, and appellants were engaged in the sale of horses at Brinkley. Appellee purchased three mares from appellants for the aggregate price of $300, and the mares were sent to Hunter for delivery to appellee, who after trying to work the animals, claimed that they were unfit for work and offered to return them. Appellants refused to take the mares back, and sued for the price.

Appellee testified that he went to appellants to purchase stock because he had known them first in this country, and they had been instrumental in his buying the farm on which he lived. He stated that he told appellants he wanted good work stock and preferred brood mares; that he told appellants that he wanted stock that would work single or double, "and to anything that I put them, and horses that will not balk." He testified further, that Mr. Castleman assured him that the mares would work anywhere, and offered to hitch them up to try them, but that he (appellee) told him that was unnecessary, and that he would take Castleman's word for that.

The testimony tends to show that two of the mares were balky, and would not work at all. Castleman denied that he made any misrepresentations to appellee concerning this stock, and said that he told appellee that one of the mares was "cold-collared," and that he would have to be careful with her, but made no further representations, and, on the contrary, insisted on appellee exercising his own judgment, and trying the mares before he

bought them. There was other testimony adduced by each of the parties tending to support their several contentions with respect to the condition of the mares and the representations made concerning them.

The testimony was, we think, sufficient to warrant the jury in finding that the qualities of the animals were misrepresented by the appellants for the purpose of deceiving the appellee, and that the appellee bought on the faith of those representations without first testing the qualities of the animals. That issue was submitted to the jury on correct instructions.

It is insisted, however, by counsel for appellants, that the defense of false representations is not available because appellee had the opportunity to test the qualities of the mares. This would be true if the defects were open and obvious, but if appellee was induced by the false statements to forego a test of the qualities of the animals he is not precluded on the doctrine of *caveat emptor* from setting up the fraudulent misrepresentations as a defense. This subject was reviewed in the case of *Hunt* v. *Davis,* 98 Ark. 44, where we said:

"Although a purchaser must act with prudence and diligence in seeking the avaliable means of ascertaining the truth, yet if the seller having peculiar knowledge of the matter, by any misrepresentation or artifice, induces the buyer to rely on his false statement, then the seller will not be heard to say that the buyer could have ascertained the truth. The very representations relied upon may have caused the purchaser to forbear from making *further* inquiry. If the false representations are made with the intent to induce the other party to act thereon, ordinary prudence does not require the party to test the truth of such representations where they are within the knowledge of the party making them or where they are made to induce the other party to refrain from seeking further information." For further discussion on the subject, see opinion in *Boren* v. *Bettis,* decided today, *infra,* page 457.

Appellee admits that appellants suggested to him to hitch up the mares and test their qualities, but he told appellants that he did not care to do so, because he would take the latter's word. This tended to show that appellee relied upon the representations made by appellants. The suggestion made by Castleman to appellee tended to show good faith on the part of the former, and that the representations, if made, were not with the intent to deceive, but that was a question for the jury, and we must treat the issue as settled by the verdict. The evidence was sufficient, not only to show that the false representations were made, but also, that they were made with intent to deceive.

Counsel for appellants earnestly insist that the court erred in refusing to give instruction No. 1, which they requested, but that instruction was in conflict with the views we have expressed concerning the law of the case and the court was, therefore, correct in refusing to give it.

It is also contended that the first instruction requested by the appellee was incorrect, and that the court erred in giving it, but that instruction was in conformity with the law as here stated.

Judgment affirmed.